**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IVETTE ZAYAS,**

        **Plaintiff,**

-vs-                                          Case No.  6:07-cv-1779-Orl-31KRS

**OSCEOLA MENTAL HEALTH INC., DR. BARBARA BURTNER, CITY OF KISSIMMEE, OFFICER RANDY S. ANTHONY, OFFICER VINCENT A. PEDULLA and OFFICER PETER GAVLICK,**

        **Defendants.**

## ORDER

This matter comes before the Court on a Motion to Dismiss Counts I and III of Plaintiff's Second Amended Complaint (Doc. 43) filed by Defendants Osceola Mental Health Inc. d/b/a Park Place Behavioral Healthcare ("Park Place") and Dr. Barbara Burtner ("Dr. Burtner") and Plaintiff's Response thereto (Doc. 46).

**I. Background**[1]

Plaintiff Ivette Zayas ("Zayas"), who has been diagnosed with bipolar disorder and depression, was receiving medical and mental health care and services at Park Place, a mental health facility in Kissimmee, FL which provides both inpatient and outpatient care, beginning in 2001. On or about October 8, 2004, a nurse practitioner ("the NP") employed by Park Place

---

[1]The following statement of material facts is taken from Plaintiff's Second Amended Complaint (Doc. 39).

significantly increased Zayas' dosage of the medication Seroquel[2]. The NP instructed Zayas that if she experienced any side effects or negative reaction to the new dosage, she should return to Park Place immediately – any time day or night – and the staff would contact her to assist in Zayas' care.

On the evening of October 17, 2004, Zayas began experiencing tremors, shaking and an uncomfortable feeling shortly after taking Seroquel. Believing that these were negative reactions to the new dosage, Zayas had a friend take her to Park Place. When she arrived she was greeted by an assessor named Rehm Evans ("Evans"), whom she had not met before. Zayas told Evans that she believed she was having a reaction to her medication and wanted to speak with a physician.

Evans told Zayas to wait in a small room while he went to speak with Nurse Marsha Snyder ("Snyder"), who then evaluated Zayas and elected to contact the on-call psychiatrist, Dr. Burtner. Dr. Burtner did not have a working relationship with Zayas and did not examine or interview her that evening. However, after speaking with Evans, Dr. Burtner prescribed medication to be given to Zayas by injection. Zayas was then approached by Snyder, who insisted that Zayas receive two injections, despite Zayas' objections. Snyder and Evans indicated to Zayas that if she did not submit to the injections, they would force her compliance. Zayas again refused, and Snyder and Evans threatened to call the police. Zayas continued to refuse the injection and Evans called 911 and asked that police officers be sent to Park Place.

---

[2]Seroquel is the brand name for the anti-psychotic drug Quetiapine, which works by helping to restore the balance of certain natural chemicals (neurotransmitters) in the brain, and is used to treat, *inter alia*, bipolar disorder. *See* http://www.webmd.com/drugs/drug-4718-Seroquel.aspx?drugid= 4718&drugname=Seroquel (last visited Dec. 5, 2007).

Three male police officers from the Kissimmee Police Department ("KPD") arrived at the facility.[3] Zayas informed the Officers that she did not want to take the medication that was being forced upon her. Rather, she wished to simply leave the facility with her friend. At no time was Zayas violent or out of control. The Officers insisted that Zayas receive the injections. Zayas then began to cry and told the Officers that she was afraid that additional medications may exacerbate her reaction to the Seroquel. The Officers forcibly grabbed Zayas using arm locks and other painful maneuvers to hold her on the floor. Officer Randy Anthony used a Taser on Zayas to control her and keep her on the floor. While holding Zayas on the floor, the Officers removed her pants and allowed Snyder to give her two injections in her buttocks.

After this incident, a female KPD officer arrived at Park Place and instructed the Officers to leave the scene. At this point, Park Place arranged for Zayas, who was complaining of chest pains, to be transported to the emergency room at Florida Hospital Kissimmee.

## II. Standard of Review

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct.

---

[3]These were Officers Randy Anthony, Vincent Pedulla and Peter Gavlick, referred to collectively hereinafter as "the Officers".

1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**III. Legal Analysis**

Counts I and III allege violations of Fla. Stat. § 394.459 ("§ 394.459"). Defendants argue that Plaintiff cannot seek relief under this statute because it only applies to involuntary in-patients, involuntary out-patients and voluntary in-patients. Defendants argue that because Plaintiff was a voluntary out-patient she is not covered by this statute.

This Court need not determine, at this time, whether § 394.459 applies to voluntary out-patients because the facts as pled by Plaintiff indicate that, while Zayas may have entered Park Place as a voluntary patient, she quickly became an involuntary patient. Defendants admit that § 394.459 applies to all involuntary patients, and therefore Counts I and III will not be dismissed.

## IV. Conclusion

Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Doc. 43) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 4, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party